IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE RUTH<br>2240 Hubbard Road<br>Youngstown, Ohio 44505 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) | |
| v. | ) ) ) | COMPLAINT |
| NORTHEAST OHIO CORRECTIONAL FACILITY<br>2240 Hubbard Road<br>Youngstown, Ohio 44505 | ) ) ) ) ) ) ) | (Jury Demand Endorsed Hereon) |
| CORECIVIC, INC.<br>2240 Hubbard Road<br>Youngstown, Ohio 44505 | ) ) ) ) ) | |
| and | ) ) | |
| DAVE BOBBY, WARDEN NEOCC<br>2240 Hubbard Road<br>Youngstown, Ohio 44505 | ) ) ) ) ) | |
| JOHN DOES 1 - 10<br>(Names and Addresses Unknown) | ) ) ) | |
| Defendants. | ) | |

**I.     INTRODUCTION**

1. This cause of action arose from the conduct of Defendants NorthEast Ohio Correctional Facility, CoreCivic, Warden Dave Bobby, by and through its employees, agents, and

1

members, including Defendants John Does 1 - 10, while employed and on duty, on or about April 3, 2020, at the NorthEast Ohio Correctional Facility, at which time, Plaintiff Jermaine Ruth, was severely beaten while incarcerated by other inmates, known and unknown.  The assault and beating occurred without provocation and caused physical injury and mental pain and suffering.  Further, Plaintiff suffered the permanent loss of his eye and vision as a result of the actions of Defendants.  The utter disregard for Plaintiff's safety by Defendants and negligent failure to supervise or properly staff the facility was a proximate cause of his injuries.  There was no justification for the lapse in supervision, the permitted use of force by other inmates or the denial of medical treatment and as a result, the Plaintiff seeks compensatory and punitive damages under Federal and State law against John Does 1 - 10, as well as Defendants Northeast Ohio Correctional Facility and CoreCivic, which has inadequate staffing, policies and training with regard to the security and treatment of incarcerated individuals while in their care and/or custody.  The Plaintiff also seeks declaratory and injunctive relief, attorneys' fees, costs and other relief.

**II.**     **JURISDICTION**

    2.      This Court has jurisdiction, pursuant to 28 U.S.C. §1331, this being an action under the Constitution and laws of the United States.  This Court also has jurisdiction over these claims, pursuant to 28 U.S.C. §§1343(1), (3) and (4) and 42 U.S.C. §§1983, 1985 and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution and pendent claims arising under the laws and Constitution of the State of Ohio.  Venue is appropriate as this cause arose in the County of Mahoning, within the Northern District of Ohio.

**III.**     **PARTIES**

3. Jermaine Ruth ("Plaintiff") brings this action individually and states that at all times relevant herein, was a resident of the State of Ohio, and an inmate of the Ohio Department of Corrections, while serving a state sentence of incarceration.

4. Defendant, NorthEast Ohio Correctional Facility, is a private correctional facility owned and operated by Defendant CoreCivic, a for profit corporation who contracts with governmental agencies including the State of Ohio.

5. Dave Bobby ("Warden") is the chief law enforcement officer and jailer of NorthEast Ohio Correctional Facility. As such, he has charge of the prison and all persons confined therein. He is statutorily charged with the responsibility to keep such persons safe, attend to the jail according to the standards for jails in Ohio, as promulgated by the Ohio Department of Rehabilitation and Corrections. He is further mandatorily charged with the responsibility to follow all applicable Federal and State laws and shall adhere to the United States Constitution.

6. John Does 1-10, are those individuals and entities who, at all relevant times, worked for the facility and other corrections staff who worked inside or for the prison during the period of Plaintiff's incarceration. These individuals had a duty to keep inmates safe and supervise the actions of the other inmates to avoid unprovoked violence and other acts of cruelty.

IV. **FACTS**

7. Plaintiff restates and realleges each and every fact contained in Paragraphs 1 through 6, as if fully rewritten herein.

8. On or about April 3, 2020, John Does 1 - 8, were acting in their capacity as corrections guards and officers duly employed by Defendants NorthEast Ohio Correctional Facility

3

and CoreCivi Lake County employees or the Lake County Sheriffs office. They were assigned to the Lake County, Ohio Sheriff's officer and/or jail.

9. On or about April 3, 2020 , Plaintiff was serving a period of incarceration after having been convicted o involuntary manslaughter in the Ashtabula Court of Common Pleas in Case Number 2014 CR-493. He began his sentence after being committed to the Ohio Department of Corrections as of March 11, 2016 and was transferred to Defendants' faculty at North-East Ohio Correctional Facility in Youngstown, Ohio.

10. While confined to his unit and cell, other inmates, Defendants John Does 8-10, known and unknown individuals, were permitted access to Plaintiff's cell, bypassing the security measures, restrictions and other rules in place for inmate safety. In the possession of these Defendants were handmade weapons, crude objects of force, including a sock with batteries secreted inside. All of these objects are within the definitions of contraband as defined by the protocols and rules of the Defendant prison and facility. Therefore, the possession and failure to detect these weapons and objects of force represent a breach in the operation of the facility and the training of employees who work as correctional officers and guards. Accordingly, Defendants were aware of the dangers associated with the possession of such items of contraband and the violence that could occur if inmates were permitted to have weapons and other items of contraband.

11. On or about April 3, 2020, Plaintiff was alone in his cell and was severely beaten by Defendants John Does, 8-10 who used the weapons, objects of force and items of contraband described above. Said attack occurred within his own unit and cell and without any warning or other provocation. Plaintiff was physically injured as a result of the altercation which included

the repeated blunt force to his head and face. Said injuries resulted in the loss of his eye and permanent loss of vision.

13. After being beaten, Plaintiff was provided emergency medical care due to the severity of his injuries; however follow up care was provided in accordance with the medical instructions. Such failure to provide ongoing medical care resulted in further impairment and disfigurement to Plaintiff as well as the inability to get an appropriate prosthetic eye for more than 18 months. These failures heightened the pain and suffering as well as mental anguish caused to Plaintiff, for which damages are sought.

14. Plaintiff repeatedly requested following the incident and in the months thereafter that John Does 1 - 10 provide him with medical care and follow up for his injuries. John Does 1 - 7 deliberately refused to provide him with adequate medical care or medication as necessary.

15. As a direct and proximate result of the acts set forth herein, Plaintiff sustained pain within his body and mind, together with a severe and traumatic shock to his entire physiological, physical, nervous and emotional systems.

## FIRST CLAIM FOR RELIEF

(42 U.S.C. §1983)

16. Plaintiff restates and realleges each and every fact contained in Paragraphs 1 - 15, as if fully rewritten herein.

17. Defendants actions were performed under color of law and deprived the Plaintiff of a federally protected right, in violation of Title 42 U.S.C. §1983.

18. Defendants deprived the Plaintiff of his right to be free from unreasonable seizures or attacks, due process of law and the right to adequate medical evaluation and care when incarcerated, in violation of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution. Defendants further ignored all security protocols as to confinement and failed to monitor the actions of the inmates to ensure that no violent attacks occurred. The further failure to detect the entry into secured areas as well as the possession of weapons, objects of force and other contraband was negligent and reckless on the part of Defendants, acting in concert with one another. This negligence resulted in the injuries of Plaintiff for which damages are sought.

19. Plaintiff did not receive adequate care by a medical provider in a timely manner. Medical care was only provided upon the emergency situation and thereafter, he was deprived of ongoing medical and mental health services. Plaintiff was never offered rehabilitation or other counseling to address his permanent loss of vision, re-training or other services necessary for his welfare.

20. The actions of Defendants were committed negligently, with gross indifference to the safety of the victims or inmates, maliciously and/or in a gross, wanton, unreasonable and/or reckless manner.

21. As a direct and proximate result of the misconduct of the Defendants, the Plaintiff suffered injuries and damages as set forth in the Complaint.

**SECOND CLAIM FOR RELIEF**

(Negligent Supervision and Training)

22. Plaintiff restates and realleges each and every fact contained in Paragraphs 1 through 21, as if fully rewritten herein.

23. Defendants, their agents and employees, failed to adequately train and supervise its deputies, jail corrections officers, and staff in the security and safety measures necessary to keep confined inmates safe, including Plaintiff. These measures include monitoring of cells, secured areas through visual supervision as well as electronic surveillance. These failures proximately caused the constitutional violations set forth in the Complaint.

24. Defendants have further failed to institute and implement adequate policies as to the classification of inmates and the prevention of gang related or retaliatory violence enacted against the inmates who are within their care. Further, Defendants are improperly trained on the use of excessive force and when such force is required. Defendants' deliberate indifference to the constitutional rights of citizens of the State of Ohio, including the Plaintiff, proximately caused the constitutional violations set forth in the Complaint.

25. The policies, customs, patterns and practices of Defendants, were the moving force behind the constitutional violations suffered by Plaintiff.

26. Although Defendants were on notice of the obvious need to train and supervise jail staff, officers and employees in the area of day-to-day jail operations and the safety of inmates, Defendants failed to train and supervise John Does 1 - 7. Defendants failed to develop and institute adequate reality based training programs relating to the care and treatment of indi-

viduals with known propensity for violence or other motives of retaliation. These omissions and acts of negligence permit the violent inmates to run rampant over the guards who are afraid to cross them for fear of their own safety. Looking the other way so as to permit access to cells and other secure areas permitted the acts of violence to Plaintiff. As such, Defendants were repeatedly and deliberately indifferent to the rights of citizens subject to incarceration in the Jail, including Plaintiff.

## THIRD CLAIM FOR RELIEF

( Willful, Wanton and Reckless Conduct)

27. Plaintiff restates and realleges each and every fact contained in Paragraphs 1 through 26, as if fully rewritten herein.

28. Defendants failed to exercise due care and acted in a willful, wanton and reckless manner while engaging in functions and activities that culminated in the injuries suffered by Plaintiff. That conduct includes, but not limited to, failing to keep Jail inmates safe; failing to adequately attend to Plaintiff's medical needs; hiring and retaining Jail staff that was poorly trained to meet such needs; failing to perform an adequate surveillance and monitoring of inmates and secured areas; inadequate staffing; negligent medical assessment of Plaintiff; failing to timely recognize an emergency medical situation; ignoring Plaintiff's emergency mental health needs and inadequate use of force and physical restraints in order to try and control violent inmates' behavior. As a result, Plaintiff suffered unnecessary pain and suffering for which damages are sought.

29. These failures were done with extreme recklessness, gross indifference for the safety and welfare of Plaintiff, and conscious disregard by Defendants, their employees, officers and agents.

Punitive damages are sought as the actions shock the consciousness of the community by their abject failures.

## **DAMAGES**

29. As a direct and proximate result of the acts set forth in Paragraphs 1 - 29, above, Plaintiff sustained pain about his body, together with a severe and traumatic shock to his entire physical, nervous and emotional systems.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against the Defendants, jointly and severally, for:

A. Compensatory and consequential damages for all the injuries identified, in an amount to be determined by the Court, in excess of the Court's jurisdictional amount;

B. Punitive damages in an amount to be determined at trial, for the willful and malicious conduct of Defendants NorthEast Ohio Correctional Facility, CoreCivic, Warden Dave Bobby, and John Does 1 - 10;

C. Equitable relief, including, without limitation, that Defendants be made to adopt an appropriate policy to prevent future instances of the type of misconduct described herein;

D. Attorneys' fees and the costs of this action and other costs that may be associated with this action;

E. Any and all other relief that this Court deems equitable, necessary and just.

Respectfully submitted,

s/Carolyn Kaye Ranke_____
Carolyn Kaye Ranke (0043735)
55 Public Square,#2100
Cleveland, Ohio 44113
(216) 374-7660 (Telephone)
(216) 3636013–7664 (Facsimile)
kaye.ranke@gmail.com
Attorney for Plaintiff

## JURY DEMAND

A jury is requested to hear this matter.

s/Carolyn Kaye Ranke_____
Carolyn Kaye Ranke (0043735)
55 Public Square, #2100
Cleveland, Ohio 44113
(216) 374-7660 (Telephone)
(216) 363-6013 (Facsimile)
kaye.ranke@gmail.com

Attorney for Plaintiff